1  STEPHEN THOMAS DAVENPORT, JR. #88208
   JEFFREY G. McCLURE #152974
2  DAVENPORT GERSTNER & McCLURE
   1990 N. California Blvd., Suite 650
3  Walnut Creek, California 94596
   Telephone: (925) 279-3430  Fax: (925) 932-1961

Attorneys for Defendant, PABCO BUILDING PRODUCTS, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CHAMBERS,<br><br>    Plaintiff,<br><br>    vs.<br><br>PABCO, LLC,<br><br>    Defendant. | No. C07-03119 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:      October 22, 2007<br>Time:      4:00 p.m.<br>Courtroom: 15 |

Plaintiff Gregory Chambers and Defendant Pabco Building Products, LLC (incorrectly sued herein as "PABCO, LLC"), submit the following Joint Case Management Conference Statement pursuant Rule 16-9 of the Local Rules of Court:

1. <u>Jurisdiction and Service</u>:  Plaintiff asserts subject matter jurisdiction based on 42 U.S.C. Section 2000e-5 and 29 U.S.C. Section 185.

There is no issue regarding personal jurisdiction or venue.

All parties have been served and appeared.

2. <u>Facts</u>:

<u>Plaintiff</u>:  Plaintiff alleges that he was wrongfully terminated by Defendant in retaliation for filing a discrimination charge in 2005 against Defendant with the Equal Employment Opportunity Commission ("EEOC") in which he complained that he had been discriminated

1
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Davenport
Gerstner & McClure
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

against due to his race, African American; for discriminatory reasons due to his race, African American; and in breach of Defendant's collective bargaining agreement with International Longshore and Warehouse Union Local 6 ("the Union"). The Complaint alleges that "Defendant's conduct is discriminatory with respect to … my race or color", and that "The employer denied me the opportunity to appeal my termination according to the written contractual agreement, where as 4 others were … eventually given their jobs back. Also the employer denied me a full drug screen according to company procedures. I believe this to be retaliation for filing a previous charge in 2005." See, Complaint, par. 5 and 6.

<u>Defendant</u>: Plaintiff was employed by Defendant as a lead operator in its gypsum drywall manufacturing plant in Newark, California, pursuant to a collective bargaining agreement with the Union which includes a grievance procedure which culminates in final and binding arbitration. Plaintiff was a member of the Union during his employment.

On April 20, 2006, Plaintiff reported to work under the influence of alcohol. Defendant asked him to submit to drug and alcohol testing, to which he consented. Testing was performed at Fremont Urgent Care, an industrial medical clinic, where an initial breathalyzer test reported that Plaintiff's blood alcohol level was "over .200" and a second breathalyzer test 25 minutes later reported that his blood alcohol level was ".185". Defendant was immediately suspended.

On April 21, 2006, Plaintiff filed a written grievance with the Union protesting his suspension pursuant to the collective bargaining agreement's grievance procedure.

On April 24, 2006, Plaintiff's employment was terminated, in accordance with Section 15.1 of the collective bargaining agreement which authorizes immediate termination for "… drunkenness, violation of Company drug policy …." The Company's Drug Free Workplace policy provides that an employee who is found to be under the influence of drugs or alcohol is subject to discipline, up to and including termination.

Defendant denied Plaintiff's grievance, and the Union subsequently withdrew the grievance based on its good faith conclusion that because of the undisputed evidence that

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

2
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Plaintiff's blood alcohol level tested "over .200", the Union would not be able to prevail if it pursued the grievance through the remaining steps of the grievance procedure.

Plaintiff filed a discrimination charge with the DFEH on July 12, 2006 ("the 2006 DFEH Charge") alleging that he had been terminated in retaliation for filing a prior discrimination charge ("the 2005 Charge") and because of his race, African American, and alleged disability, "high blood pressure/allergies".  Plaintiff stated in the 2006 DFEH Charge, "I wish to pursue this matter in court", requested that the DFEH issue a "right-to-sue notice", and acknowledged that "I understand that if I want a federal notice of right to sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure" or within 300 days of the alleged discriminatory act, whichever is earlier."

On July 17, 2006, the DFEH issued a Notice of Case Closure on the 2006 DFEH Charge. The Notice of Case Closure notified Plaintiff that "If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier."  Plaintiff acknowledges that he received the DFEH's Notice of Case Closure shortly thereafter.

On February 5, 2007, Plaintiff filed a charge of discrimination with the EEOC ("the 2007 EEOC Charge") alleging that he had been terminated in retaliation for filing a prior discrimination charge ("the 2005 Charge") and because of his race, African American, and alleged disability, "high blood pressure/allergies".  At Plaintiff's request, on February 14, 2007 the EEOC terminated its investigation or the 2007 EEOC Charge and issued a Notice of Right to Sue to Plaintiff. Plaintiff alleges that he received the EEOC's Notice of Right to Sue on March 16, 2007.

3. <u>Legal Issues</u>:

Whether Plaintiff failed to file his 2007 EEOC Charge within 30 days of the termination of the DFEH's proceedings on the 2006 DFEH Charge, as required by 42 U.S.C. Section 2000e-5(e)(1)(b)(2)(ii), and if so, whether Plaintiff's Title VII claims must be dismissed?

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA  94596
(925) 279-3430
Fax (925) 932-1961

3
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Whether Defendant terminated Plaintiff's employment because of his race and in retaliation for filing the 2005 Charge, in violation of 42 U.S.C. Section 2000e, *et. seq.*?

Whether Plaintiff failed to file his "hybrid" breach of contract/duty of fair representation cause of action within six months of the allegedly wrongful termination, as required by DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983)?

On Plaintiff's "hybrid" breach of contract/duty of fair representation cause of action, whether the Union breached its duty of fair representation by refusing to further process Plaintiff's grievance for arbitrary or discriminatory reasons or in bad faith, and, if so, whether Defendant terminated Plaintiff in breach of the collective bargaining agreement? Vaca v. Sipes, 386 U.S. 171, 186, 191 (1967).

4. <u>Motions</u>: Plaintiff has not yet determined whether he will file any motions but reserves his right to do so. Defendant anticipates filing a motion for summary judgment.

5. <u>Amendment of Pleadings</u>: None anticipated at this time.

6. <u>Evidence Preservation</u>: Plaintiff will make a copy of a cassette tape recording of an Unemployment Insurance Appeals Board hearing on the appeal of his claim for unemployment insurance benefits, and will provide a copy of that recording to Defendant.

Defendant has implemented its document-destruction program to protect against the destruction of relevant documents and electronically recorded materials.

7. <u>Disclosures</u>: Both parties have provided Initial Disclosures, including the exchange of documents, in accordance with Rule 26 of the Federal Rules of Civil Procedure.

8. <u>Discovery</u>: The parties have exchanged documents as part of their Initial Disclosures.

Plaintiff does not currently anticipate conducting any further discovery, but reserves his right to do so.

Defendant has taken Plaintiff's deposition. Defendant anticipates serving Subpoenas Duces Tecum on the Union, the NLRB, and Fremont Urgent Care, and may take the deposition of Union representatives involved in the handling of Plaintiff's grievance.

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

9. <u>Class Actions</u>: Not applicable.

10. <u>Related Cases</u>: None.

11. <u>Relief</u>: Plaintiff seeks lost pay and benefits in the amount of $250,000, emotional and mental distress damages in the amount of $800,000, and punitive damages in the amount of $500,000, or as according to proof at trial.

Defendant contends that Plaintiff's measure of relief on Plaintiff's discrimination claims is governed by 42 U.S.C. § 1981A(b)(3), and that Plaintiff may not recover emotional distress damages or punitive damages on his "hybrid" breach of contract/duty of fair representation claim.

12. <u>Settlement and ADR</u>: The parties have agreed to participate in an early settlement conference, and request that an early settlement conference be scheduled at the Court's earliest convenience.

13. <u>Consent to Magistrate Judge</u>: The parties do not consent to a Magistrate Judge for all purposes.

14. <u>Other References</u>: The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The parties do not believe that any issues can be narrowed at this time.

16. <u>Expedited Schedule</u>: The parties are open to discussing handling this case on an expedited basis.

17. <u>Scheduling</u>: The parties propose expert witness designation by March 31, 2008, discovery cutoff on April 30, 2008, hearings on dispositive motions by June 30, 2008, pre-trial conference in July, 2008, and trial in August, 2008.

18. <u>Trial</u>: Plaintiff requests a jury. The parties believe that the trial can be conducted in 3 to 4 court days.

19. <u>Disclosure of Non-Party Interested Entities and Persons</u>: Plaintiff will file his Certification of Non-Party Interested Entities and Persons prior to the Case Management Conference.

5
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

1    Defendant is filing its Certification of Non-Party Interested Entities and Persons
2 concurrently with this Joint Case Management Conference Statement. Defendant's Certification
3 of Non-Party Interested Entities and Persons states that Defendant believes that International
4 Longshore and Warehouse Union Local 6 ("the Union") has an interest in the subject matter in
5 controversy because, in order to prevail on Plaintiff's "hybrid" breach of contract/duty of fair
6 representation cause of action alleging that he was wrongfully terminated in breach of Defendant's
7 collective bargaining agreement with the Union, the Plaintiff must first prove that the Union
8 breached its duty of fair representation to Plaintiff by refusing to further process his grievance for
9 arbitrary or discriminatory reasons or in bad faith. See, <u>Vaca v. Sipes</u>, 386 U.S. 171, 186, 191
10 (1967), and <u>Hines v. Anchor Motor Freight, Inc.</u>, 424 U.S. 554 (1976).

11    20.    <u>Other Matters</u>: None.

13    Plaintiff, who is currently outside the State, has authorized Defendant's attorney to sign
14 and file this Joint Case Management Conference Statement on his behalf.

16 Dated: October 12, 2007.        /s/
                                  Plaintiff GREGORY CHAMBERS

19 Dated: October 12, 2007.        DAVENPORT GERSTNER & McCLURE

                                   /s/
                                  STEPHEN THOMAS DAVENPORT, JR.
                                  Attorneys for Defendant,
                                  PABCO BUILDING PRODUCTS, LLC

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

6
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**