STEPHEN THOMAS DAVENPORT, JR. #88208
NEIL M. GERSTNER # 105681
DAVENPORT GERSTNER & McCLURE
1990 N. California Blvd., Suite 650
Walnut Creek, California 94596
Telephone: (925) 279-3430  Fax: (925) 932-1961

Attorneys for Defendant, PABCO BUILDING PRODUCTS, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY CHAMBERS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PABCO, LLC,<br><br>　　　　Defendant. | No. C07-03119 MHP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR DISMISSAL (FRCP Section 41(b))**<br><br>Date:  April 21, 2008<br>Time:  2:00 p.m.<br>Courtroom:  15 |

## I

## INTRODUCTION

The instant Motion is brought as a result of the repeated failure of Plaintiff Gregory Chambers ("Mr. Chambers") to comply with Court orders. Specifically, Mr. Chambers failed to attend both the Settlement Conference and a subsequent Status Conference, failed to provide an adequate explanation for his failure to appear at the Settlement Conference, and failed to respond at all to this Court's January 16, 2008 Order to Show Cause for failing to appear at the Status Conference. These failures have resulted in unnecessary delay and significant prejudice to Defendant. Consequently, sanctions and an order dismissing the case, per Federal Rule of Civil Procedure, Rule 41(b), is appropriate.

1
**D's BRIEF RE MOTION FOR DISMISSAL**

Davenport
Gerstner & McClure
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

## II

## FACTS

This action was filed on June 13, 2007. At the initial Status Conference on October 22, 2007, the parties jointly asked the Court to refer this case to a Magistrate Judge for a Settlement Conference. Although the Court questioned whether a summary judgment motion might better serve Defendant given the many potential defenses which were available, Defendant's counsel explained that he believed that a Settlement Conference could address these issues in a more cost effective manner for Defendant and that given his excellent relationship with Plaintiff he believed that a settlement could be achieved with a Magistrate Judge's assistance. As a result, the Court ordered that the case be referred to a Settlement Conference with a Magistrate Judge. Simultaneously, this Court scheduled a further Status Conference for January 14, 2008 at 3:00 p.m.

On October 29, 2007, Magistrate Judge Bernard Zimmerman issued an Order scheduling the Settlement Conference for December 21, 2007. However, due to a conflict in defense counsel's calendar, the parties stipulated, and Judge Zimmerman ordered, that the Settlement Conference be continued until January 9, 2008 at 2:00 p.m. in his Courtroom.

On January 2, 2008, Defendant filed a lengthy and detailed Settlement Conference Statement with addressed the many legal obstacles which Plaintiff faced in this action.

On January 9, 2008, at 2:00 p.m., counsel for Defendant and Defendant's Plant Manager, Charlie Colman, appeared in Judge Zimmerman's Courtroom for the scheduled Settlement Conference. Defense counsel traveled from Walnut Creek and Mr. Coleman traveled from Newark to attend the Conference. However, Plaintiff failed to appear as ordered. Neither Magistrate Judge Zimmerman nor his clerk received any phone call from Plaintiff explaining his absence. At approximately 3:20 p.m., after waiting one hour and 20 minutes, Magistrate Judge Zimmerman advised Defendant's counsel that they could leave because the Court's own attempts to contact Plaintiff were unsuccessful.

2
D's BRIEF RE MOTION FOR DISMISSAL

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

1   The following day, on January 10, 2008, Defendant's attorney called and left messages on Mr. Chambers' home and cell phone numbers asking why he had not appeared at the Settlement Conference. To date, those messages have never been returned.

4   On January 10, 2008, Magistrate Judge Zimmerman ordered Plaintiff to show cause, in writing, by January 22, 2008 as to why he should not be held in contempt of court or otherwise sanctioned for failure to appear at the Settlement Conference.

7   On January 14, 2008, at 3:00 p.m., the Status Conference previously scheduled and ordered by this Court was held. Defendant appeared through its attorney. Again, Plaintiff did not appear. Mr. Chambers had not previously notified the Court or Defendant's attorney that he would not appear at the Status Conference.

11  On January 16, 2008, this Court issued an Order to Show Cause, in writing, by January 25, 2008 as to why the instant action should not be dismissed for failure to prosecute.

13  On January 17, 2008, Mr. Chambers responded to Magistrate Judge Zimmerman's January 10, 2008 Order to Show Cause regarding his failure to appear at the Settlement Conference, claiming that he had made the trip to California from his home in Mississippi but had "lost" his wallet which contained his ID and contact information for the Court. Mr. Chambers claimed that this prevented him from appearing at the Settlement Conference. Mr. Chambers claims that he then "found" his wallet in the process of re-packing for his return trip to Mississippi.

20  Plaintiff offered no explanation for his failure to phone the Court or Defendant's attorney. After all, he could have gotten their phone numbers form 411 information or from the many Court pleadings and documents which he presumably brought with him for the Settlement Conference. Nor did he explain why he did not simply go to the Courthouse where he could have explained that he had lost his wallet to the Marshalls at the entrance, which would surely have gained him entrance to the building so that he could attend the Settlement Conference.

26  ///

27   ///

28

**Davenport
Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

3
**D's BRIEF RE MOTION FOR DISMISSAL**

## III

## LEGAL ARGUMENT

Federal Rules of Civil Procedure, Rule 41(b) provides in pertinent part:

"Involuntary Dismissal; Effect. If the Plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it…"

District Courts have the inherent power to control their dockets and may impose sanctions including, where appropriate, dismissal of a case. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Relying on Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986), the Ferdik court set forth the standard applicable in such cases:

"In determining whether to dismiss a case for failure to comply with a court order, the District Court must weigh five factors including: '(a) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternative.'"

In the instant case, Plaintiff has committed five violations of Court orders. First, he failed to appear at the Settlement Conference ordered by both this Court and Magistrate Zimmerman. When ordered to show cause as to his failure to appear, he proffered an excuse which is specious on its face. Even assuming that Mr. Chambers' wallet was "lost" and then "found" when he was repacking for his return trip to Mississippi, Mr. Chambers offers no explanation for his failure to phone defense counsel or the Court. This Court may take judicial number of the fact that the telephone numbers for the U. S. District Court and defense counsel's office are available through AT&T information. Moreover, Mr. Chambers does not claim that he lost his case file which presumably contained defense counsel's pleadings, each of which bears defense counsel's telephone number. Nor does Mr. Chambers explain why he did not attempt to gain access to the Court by presenting himself at the front door, explaining the situation and asking the marshal to phone Magistrate Judge Zimmerman's clerk for assistance. In short, even if one believes that Mr. Chambers temporarily misplaced his wallet, he has completely failed to offer a reasonable explanation for his failure to attend the Settlement Conference.

Davenport
Gerstner & McClure
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

Then, only five days after failing to appear at the Settlement Conference, Mr. Chambers failed to appear at the January 14, 2008 Status Conference ordered by this Court. Finally, after being ordered to show cause, in writing, and under oath for his failure to appear at the Status Conference and why his action should not be dismissed, Mr. Chambers failed to submit any response or excuse as of the date of this motion, much less by the January 25, 2008 deadline set forth in the Order to Show Cause.

In weighing the relevant factors on a motion to dismiss under FRCP, Rule 41(b), it is clear that Mr. Chambers' repeated violation of Court orders has negatively impacted the public's interest in expeditious resolution of litigation. Mr. Chambers' failures to appear and failure to respond to this Court's Order to Show Cause have resulted in months of unnecessary delay.

Further, this Court, like any District Court, needs to manage its docket in an efficient manner. By failing to appear at ordered conferences and hearings and by his failure to respond to this Court's January 16, 2008 Order to Show Cause, Mr. Chambers' behavior directly and significantly interferes with this Court's ability to manage its docket.

Moreover, Mr. Chambers' behavior does not merely pose a risk of prejudice to the Defendant; it has resulted in actual prejudice. As the Declarations of Stephen Thomas Davenport, Jr. and Neil M. Gerstner, attached hereto demonstrate, Defendant's attorneys have now spent significant time and effort preparing for and appearing at two hearings which included, in addition the actual appearances, the preparation of a lengthy and detailed Settlement Conference Statement and a Supplemental Status Conference Statement. Because of Mr. Chambers' absence, this significant time and effort accomplished absolutely nothing at great expense to Defendant.

Although Mr. Chambers may argue that there are less drastic alternatives than dismissal, his argument would be more convincing if he had, at a minimum, responded to this Court's January 16, 2008 Order to Show cause with a reasonable explanation for his absence at the January 14 Status conference. However, by not only repeatedly failing to follow this Court's orders by missing two consecutive appearances, offering a specious explanation for his absence at the Settlement Conference and failing to respond at all to this Court's January 16, 2008 Order to

5
**D's BRIEF RE MOTION FOR DISMISSAL**

Davenport
Gerstner & McClure
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

Show Cause why this action should not be dismissed, Mr. Chambers can hardly argue that less drastic alternatives are appropriate and should be imposed.

Finally, while there is, no doubt, a public policy favoring the disposition of cases on their merits, the balance of all factors which must be considered when analyzing a motion to dismiss under FRCP Section 41(b) strongly militates in favor of dismissal in the instant case.

## IV

## CONCLUSION

For the foregoing reasons, Defendant Pabco Building Products, LLC, request that the instant action be dismissed with prejudice and that reasonable attorney's fees be awarded to Defendant.

Dated: March 18, 2008.          DAVENPORT GERSTNER & McCLURE

/ s /
_____
NEIL M. GERSTNER, Attorneys for Defendant,
PABCO BUILDING PRODUCTS, LLC

**Davenport Gerstner & McClure**
1990 N. California Blvd.
Suite 650
Walnut Creek, CA 94596
(925) 279-3430
Fax (925) 932-1961

6
**D's BRIEF RE MOTION FOR DISMISSAL**